This contract claim was originally before the court on defendant’s motion to dismiss for failure to state a claim upon which relief can be granted. In its reply to plaintiffs opposition to the motion to dismiss, defendant converted the motion to one for summary judgment by presenting documents outside the pleadings, as provided by Rule 38(b). Plaintiff did not respond to or oppose the motion for summary judgment within the time limitation of Rule 52(b).
Initially, the case was filed in the Superior Court of the District of Columbia, naming as defendants the United States (acting through the National Capital Housing Authority), D. C. Frontiers, Inc., a non-profit District of Columbia corporation, and Bryant and Bryant, architects for the project. The case was removed to the United States District Court for the District of Columbia, and, upon motion of the United States, was then transferred to this court.
For purposes of the motion we accept plaintiffs allegations to be true, and view the facts so alleged in the light most favorable to plaintiff. Aleut Community of St. Paul Island v. United States, 202 Ct. Cl. 182, 187, 480 F. 2d 831, 833-34 (1973); United States v. Native Village of Unalakleet, 188 Ct. Cl. 1, 14, 411 F. 2d 1255, 1261 (1969).
Plaintiff is a District of Columbia corporation principally engaged in construction work and land development. On February 8, 1972, plaintiff contracted with D. C. Frontiers, Inc. (DCFI) to construct 54 townhouses, a low income housing project, on four neighboring parcels of land in the Shaw School area of Washington, D.C. DCFI was to pay plaintiff $1,143,202 for the completed townhouses. On March 31, 1972, DCFI entered into a contract with the National Capital Housing Authority (NCHA) to sell the houses, for the amount of $1,360,533. NCHA is a federal agency which serves as local housing authority for the District of Columbia for purpose of the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq.
*695 The contract between plaintiff and DCFI provided that all work was to be completed within 360 days of the start date, which was April 6, 1972. A number of revisions and alterations to the contract plans were made during the course of performance. As a result of these changes, and various delays caused by strikes and Hurricane Agnes, the contract was completed late, on January 28, 1974. DCFI withheld large amounts for liquidated damages on account of the tardy completion. Ultimately, plaintiff received only $1,034,523. Plaintiff claims that it was not adequately compensated for the changes ordered in the designs of the townhouses, and also that some of the delay was excusable, and liquidated damages should not have been deducted for it. To this end, plaintiff seeks $231,000 in compensatory damages from NCHA, as well as $100,000 in punitive damages. In the original complaint, plaintiff sought damages of a similar nature from DCFI and Bryant and Bryant.
Two basic theories of recovery are asserted. First, plaintiff urges that DCFI acted at all times as an agent for the government, both in procuring the construction contract with plaintiff, and later in directing the various changes, which it is claimed were for the benefit of the government. As such, DCFI had the power to bind the government to pay for the many changes ordered throughout the duration of the contract. Plaintiffs second contention is that it was a third party beneficiary under the contracts formed between and among NCHA, DCFI, and Bryant and Bryant.
Defendant counters that as a matter of law there is no legal theory, under the facts alleged by plaintiff, applicable to justify a recovery against the government. Defendant relies principally upon Housing Corporation of America v. United States, 199 Ct. Cl. 705, 468 F. 2d 922 (1972) in making this argument. The facts in Housing Corporation of America are strikingly similar to those alleged by plaintiff. In Housing Corporation of America, the plaintiff had a contract with the Monroe Housing Commission to construct residential units for the poor and elderly in Monroe, Michigan. In a separate contract, the Monroe Housing Commission was to receive up to 90 percent of approved costs for the project from the United States, acting through HUD. Plaintiff sought to recover from the United States certain amounts reflecting increased costs from performing unapproved changes. The court granted summary judgment for the government, holding that plaintiff had not *696 shown any privity of contract, or proven an agency relationship between HUD and the Monroe Housing Commission, or demonstrated any intention that the Housing Corporation be a third party beneficiary of the contract between HUD and the Monroe Housing Commission.
The similarities between Housing Corporation of America and the instant case are striking. Although plaintiff attempts to distinguish the two cases by noting that it is suing the "local housing authority” (NCHA), thus seeking to analogize it to a suit against the Monroe Housing Commission, rather than HUD, this distinction is not persuasive to make Housing Corporation of America inapplicable. Close analysis reveals that NCHA is the contractual equivalent to HUD, and DCFI is the counterpart to the Monroe Housing Commission. In this instance plaintiff did not have a contract with the local housing authority, and thus there is no privity of contract between plaintiff and the Federal Government. It would be unusual for there to be such privity. In Housing Corporation of America we noted:
The contract here in issue is one of many pursuant to which the Federal Government subsidizes projects of state and local authorities for the public betterment. The United States, however, does not make itself a party to the contracts relating to said projects but obligates itself by separate agreements, as here, to local authorities for the funding of those projects it approves. The significance of that approval is spelled out here in Article IX. This does not create an express or implied contract between plaintiff and defendant nor does it make the Commission defendant’s agent through HUD. * * * [199 Ct. Cl. at 710, 468 F. 2d at 924.]
Housing Corporation of America is on all fours with plaintiffs suit, and it is incumbent upon plaintiff to show that an agency relationship or that an intention to create third-party beneficiary rights existed. To date, plaintiff has made only conclusory allegations to this effect, and has not offered any evidence corroborating its claims. Defendant, on the other hand, has referred us to section 510 of the Consolidated Annual Contributions Contract, which was incorporated by reference into the contract between DCFI and NCHA. This provides as follows:
*697 Sec. 510. Rights of Third Parties
(A) The Government covenants and agrees with and for the benefit of the holders from time to time of the Bonds and of interest claims thereunder, that it will pay the annual contributions pledged as security for such Bonds and interest pursuant to this Contract. To enforce the performance by the Government of this covenant such holders, as well as the Local Authority, shall have the right to proceed against the Government by action at law or suit in equity. (B) Nothing in this Contract contained shall be construed as creating or justifying any claim against the Government by any third party other than as provided in subsection (A) of this Sec. 510.
In the absence of evidence to the contrary, section 510 is conclusive on the point that NCHA did not intend to vest in plaintiff any third-party rights against the government.
Accordingly, upon consideration of the briefs of the parties, and without oral argument, it is ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.
Plaintiffs motion for relief from judgment order, etc. denied September 29, 1978.