On June 15, 1979 the court entered the following order:
Before Friedman, Chief Judge, Cowen, Senior Judge, and Kunzig, Judge.
In this case, which is before the court on defendant’s motion for summary judgment, the suit was brought by Harlow B. King, Charles E. Parsons, and Urban Expansion, Inc., who were partners in an enterprise called Chatsworth Apartments. Chatsworth obtained a mortgage in the *697 amount of $1,307,500 from the IDS Mortgage Corporation (IDS) for the construction of an apartment project. The Federal Housing Administration (FHA) of the Department of Housing and Urban Development (HUD) undertook to insure the loan pursuant to section 221(d)(4) of the National Housing Act, as amended, which authorizes the Secretary of HUD to insure construction and long-term financing loans made by private lending institutions for the development of multifamily rental housing.
On September 29, 1972, the Secretary issued a Commitment for Insurance of Advances to IDS in connection with a series of proposed advances on the IDS mortgage for the construction of the apartment project. The effect of this arrangement was that when Chatsworth requested a disbursal of loan funds from IDS, the disbursal would be made by IDS (the mortgagee) provided FHA approved the request.
From December 14,1972 until January 1974, Chatsworth made 13 requests to IDS for advances of the mortgage proceeds and these were approved through certificates of approval issued by FHA. On January 29, 1974, Chat-sworth’s 14th loan advance request in the amount of $60,995 was not approved by FHA and IDS declined to disburse the advance. The Government alleges that FHA’s refusal resulted from an inspection which revealed irregularities, including a conflict of interest in that an employee of the general contractor was conducting the required architectural inspections and an apparent forgery of the contractor’s request for advance. The project came to a standstill on March 1, 1974, but as a result of certain conditions imposed by FHA and compliance with those conditions by the mortgagee, HUD informed IDS on February 13,1975, that the conditions had been met for the resumption of the insured draws and that the project could proceed toward completion.
Plaintiffs allege that defendant breached its contract by failing to approve the 14th loan advance request and that as a result, they were unable to complete construction of the apartment project and sustained damages in the amount of $300,000.
Relying on Housing Corp. of America v. United States, 199 Ct. Cl. 705, 468 F. 2d 922 (1972) and the order of June *698 22, 1978 in United Housing Corp. v. United States, 217 Ct. Cl. 693, defendant bases its motion primarily on the ground that its insurance commitment did not give rise to any contractual relationship between defendant and plaintiffs and that the lack of privity of contract bars plaintiffs’ right to recovery.
Plaintiffs counter with the argument that on trial they can establish their right to recover under the principles laid down in Brown v. Lynn, 385 F. Supp. 986 (N.D. Ill., E.D. 1974) and United States v. American Nat’l Bank and Trust Co. of Chicago, et al., 443 F. Supp. 167 (N.D. Ill., E.D. 1977).
Without intimating an opinion upon which of these two lines of authority might be applicable in this case, we do not feel that we can decide the legal issues without a resolution of underlying factual disputes. The parties disagree on the circumstances under which FHA withheld its approval of the 14th loan advance request and this disagreement requires that the motion for summary judgment be denied and the case be remanded for trial. We reach this conclusion after considering the pleadings and briefs of the parties, and after hearing oral argument.
In connection with the remand, we point out that while the cases cited above indicate that there are circumstances under which mortgagors may have a right of action against FHA, plaintiffs will not be entitled to recover on a mere showing that FHA refused to approve the request for the 14th loan advance. We think plaintiffs have the burden of showing that FHA owed them a statutory, contractual, or regulatory obligation, and that in the performance of that obligation, FHA acted arbitrarily or capriciously, and in so doing, abused its discretion. It may be open to the Government in its defense to prove that plaintiffs violated some of their contractual agreements or that FHA’s refusal to approve the loan advance was legally justified on other grounds. See Trans-Bay Engineers and Builders, Inc. v. Hills, 551 F. 2d 370 (D.C. Cir. 1976). There was a suggestion at oral argument that the Government planned to make such a showing before it was decided that a motion for summary judgment should be filed.
Emphasizing the fact that the legal issues which we have referred to above are open for later resolution, we deny the *699 defendant’s motion for summary judgment and remand the case to the trial division for further proceedings consistent with this order.